WM. RESOR v. McKENZIE, STERRETT & Co.

(No. 8,408.)

In certain cases where, on payment of money, a right of subrogation exists, the defendant, when sued for the recovery of such money, may, by cross petition, bring in as defendants those against whom a cause of action would arise, in his favor, to enforce the repayment of such debt.

SPECIAL TERM.—On demurrer to cross petition making new defendants.

In this case the plaintiff sues on a promissory note against defendants, McKenzie, Sterrett, Keys & Maltby. The three last defendants filed their answer in the nature of a cross bill, and set up that all the defendants were formerly partners in the business of a sugar refinery; that this note was given to plaintiff as part of purchase money for partnership property, and was secured by a mortgage executed by all of them to the plaintiff; that the partnership had been dissolved, and the interest of the three last defendants, by contract, had been transferred, and McKenzie had become responsible to pay this note, and others still due; that McKenzie, Brashears, Kilbreth and Stettinius now compose a new partnership, as Kilbreth, McKenzie & Co., carrying on the same business, the three last of whom had assumed, with said McKenzie, to pay this note and others not yet due, all of which were secured by mortgage. The last four defendants were asked to be made defendants to the cross bill, that Keys, Maltby & Sterrett might be protected. To this answer and cross bill, the parties sought to be made defendants, demur, on the ground that they were improperly made parties.

*Jones & Burnet,* for plaintiff.

*King & Thompson,* for Keys, Sterrett & Maltby.

*Haines, Todd and Lytle,* for Kilbreth, McKenzie & Co.

STORER, J. Those of the defendants who are the makers of the note, declared, as set up in their answer, that McKenzie, their co-defendant, is bound in equity to protect them from its payment, having, as they assert, assumed, on a dissolution of the partnership, of which they were all members, to discharge all the debts of the firm, especially this note, which is secured by mortgage upon the property

where their business was carried on, and being part of the original purchase money thereof.

They, therefore, ask that he may be compelled to comply with his agreement, and the premises mortgaged be charged with the payment of the debt in controversy.

After the dissolution it appears, McKenzie formed a new partnership, with Neff & Kilbreth, and the former having deceased, his interest is now owned by Brashears & *Stettinius*, who, it is alleged, have assumed to discharge the debt for which McKenzie is liable.

Those parties are all made defendants to the answer of Sterrett, Maltby & Keys, which is in the nature of a cross bill with the proper prayer for relief.

Kilbreth, McKenzie & Co. now demur.

The cause is stated to be that they can not be required to answer in this controversy.

We can see no other ground, on which such a claim can be made, than the misjoinder of parties.

It is very clear, the several parties, made defendants to the answer, are liable to keep Sterrett, Maltby & Keys harmless from the payment of these notes; and whenever the latter have paid them or either of them, they may bring their action, and subject the mortgaged property to discharge the debt, *working out their equity through Resor's mortgage.*

As they are, *inter se*, the sureties of McKenzie, who became the owner of the property by their release, they are entitled to be subrogated to all the rights of Resor, and may well maintain their remedy for appropriate relief.

In this proceeding, they ask no more than they would be entitled to claim in another suit or proceeding, which would include the joinder of all the former parties, and create additional costs, without affording any advantage to either of these defendants, either in making their defense, if they have any, or in the settlement of their several rights.

The plaintiff makes no objection to the joinder of new defendants, and he could not with any propriety, as the answer stands. If he had filed his petition to foreclose his

mortgage, all the parties now before the court, must have been made defendants, and the same result will be practically obtained by the cross bill.

We can see no impropriety in the joinder of the defendants who have demurred, and we overrule the demurrer, and give leave to answer.

Demurrer overruled.